**Macco & Stern, LLP**
Attorneys for the Trustee
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900
Cooper J Macco, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

MI KYUNG HO,

                Debtor.
-----------------------------------------------------------------X
RICHARD L. STERN, ESQ., as Trustee of the Estate of Mi Kyung Ho,

                Plaintiff,

-against-

KANG HO,

                Defendant.
-----------------------------------------------------------------X

Index No. 17-77725 (LAS)

Chapter 7

Adv. Pro. No.

## COMPLAINT

Richard L. Stern (the "Trustee" or "Plaintiff"), the chapter 7 trustee of the estate of Mi Kyung Ho (the "Debtor"), by and through his counsel Macco & Stern, LLP, complaining of defendant Kang Ho (the "Defendant") respectfully alleges as follows:

### PRELIMINARY STATEMENT

This adversary proceeding is commenced pursuant to 11 U.S.C. §363(h) to authorize the Trustee to sell the Defendant's interest in certain residential real property, located at, and known as, 191 Collins Avenue, Williston Park, NY 11596 (the "Real Property") co-owned with the Debtor as tenants by the entirety.

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334, and the Standing Order of the United States District Court for the Eastern District of New York, dated December 5, 2012 (Amon, C.J.).

2. The statutory predicates for the relief sought herein are 11 U.S.C. §§105, 323, 363, and Rules 6004, 6009, and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. This is a core proceeding pursuant to 28 U.S.C. §§157(a), 157(b)(2)(A), 157(b)(2)(E), 157(b)(2)(H), and 157(b)(2)(N).

4. This Court is the proper venue for this proceeding pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

5. On December 13, 2017 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

6. Thereafter, Richard L. Stern, Esq., was appointed as the interim trustee, duly qualified, and was appointed permanent trustee of the Debtor's estate.

7. Debtor's Petition states that the Debtor and Defendant, as tenants by the entirety, are the co-owners of the Real Property, which is subject to a first mortgage (the "Mortgage") held by Wells Fargo Home Mortgage (the "Bank").

8. By mortgage statement (the "Statement"), dated January 16, 2018, the Bank states that the balance of the Mortgage on the Real Property is $173,673.11 (the "Mortgage Balance").

9. Debtor claimed a homestead exemption of up to one-hundred percent (100%) of the fair market value, or $165,550 (the "Exemption") under NY CPLR §5206.

10. Debtor's Petition states that the Real Property is valued at approximately $300,000.

11. However, upon further investigation, and with the assistance of the Auctioneer, Trustee determined that the Real Property has a fair market value in excess of $600,000 (the "Fair Market Value").

12. By order, entered April 2, 2018, the Court approved the Trustee's retention of Macco & Stern, LLP to effect a sale of the Real Property.

13. By order, entered April 20, 2018, the Court approved Maltz Auctions, Inc., as auctioneer to conduct a public auction of the Real Property.

14. Based on the Fair Market Value, Appraisal, and Exemption, the Trustee believes that the Real Property has substantial equity which can only be realized from a sale of the Real Property.

**PARTIES**

15. The Plaintiff is the chapter 7 trustee of the Debtor's bankruptcy estate.

16. Upon information and belief, Debtor: (a) is an individual with a principal residence at 191 Collins Avenue, Williston Park, NY 11596; and (b) co-owns the Real Property with the Defendant as tenants by the entirety.

17. Upon information and belief, Defendant: (a) is the Debtor's spouse; (b) is an individual with a principal residence at 191 Collins Avenue, Williston Park, NY 11596; and (c) co-owns the Real Property with the Defendant as tenants by the entirety.

## AS AND FOR THE FIRST CAUSE OF ACTION
## Sale of Non-Debtor Ownership Interest Pursuant to Bankruptcy Code §363(h)
## (incorporating all previous allegations)

18.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 7.

19. Bankruptcy Code §363(h) states that:

[T]he Trustee may sell both the estate's interest . . . and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if –

(a) partition in kind of such property among the estate and such co-owners is impracticable;

(b) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(c) the benefit of the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(d) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat light or power.

20. Upon information and belief, as of the Petition Date, the Defendant was an co-owner and occupant of the Real Property.

21.  Partition of the Real Property would be impractical because: (a) it is comprised of a single residential dwelling structure; and (b) a prospective buyer would be reluctant to purchase the Debtor's interest in the Real Property alone.

22.  Sale of the estate's undivided interest in the Real Property would realize significantly less for the Debtor's estate than a sale of the Real Property free of the interest of the Defendant.

23. The benefit to the Debtor's estate of a sale of the Real Property free of Defendant's interest outweighs the detriment, if any, to the Defendant.

24. The Real Property is not used for the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat light or power.

25. The Defendant will not be unduly prejudiced by the sale of the Real Property because the Defendant will receive the cash equivalent of the Real Property, as determined by the Court.

26. Based on the foregoing, the Trustee respectfully requests that the Court enter a judgment authorizing and directing the Trustee to sell both the Debtor and Defendant's interest in the Real Property pursuant to Bankruptcy Code §363(h).

**WHEREFORE**, the Trustee prays for a judgment of the Court:

(i) Authorizing the Trustee to sell the Defendant's interest in the residential real property located at, and known as, 191 Collins Avenue, Williston Park, NY 11596 pursuant to Bankruptcy Code §362(h);

(ii) Granting such other, further and different relief as the Court deems just and proper.

Dated: Islandia, New York
May 1, 2018

**MACCO & STERN LLP**
Attorneys for the Trustee

By:  *s/Cooper J Macco*
Cooper J Macco
2950 Express Drive South, Suite 109
Islandia, New York 11749
(631) 549-7900